Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# MEMORANDUM OPINION

No. 04-11-00025-CR

Brian **HERNANDEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 09-11-156-CRW
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:  January 18, 2012

AFFIRMED

Brian Hernandez was convicted of one count of aggravated assault by causing serious bodily injury to a family member while using a deadly weapon[1] and a separate count of aggravated assault on a different victim. The jury also made a deadly weapon finding as to the second count. He was sentenced to seventy-five years in prison on the first count, and twenty years in prison on the second. Hernandez appeals the judgment, asserting the trial court erred by admitting crime scene photographs. We affirm the judgment.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)&(b)(1) (West 2011).

A detailed recitation of the facts is not necessary to the disposition of this case. Hernandez was charged with shooting his wife America Hernandez and America's father, Abel Gonzalez Jr. The shooting occurred at the Gonzalez residence. The State offered fourteen photographs of the crime scene into evidence, eleven of which depicted varying amounts of blood. Hernandez objected to eight of photographs: State's Exhibit 5, showing blood on a wooden deck and part of one of the victim's legs; State's Exhibit 10, depicting Gonzalez receiving medical treatment while sitting in a chair and showing a bloodied rag on one side of his neck; State's Exhibit 11, a closer view of State's Exhibit 10 showing Gonzalez's upper chest, neck, and face, and the bloody rag; State's Exhibit 12, depicting blood spatter on the wooden deck and two bloody rags; State's Exhibit 13, depicting a bloody rag; State's Exhibit 14, depicting what appears to be a close-up of the scene in State's Exhibit 12 from a different angle and showing a large pool of blood; State's Exhibit 15, showing America seated in a chair while receiving medical treatment; and State's Exhibit 16, showing a tooth lying on the deck and some apparent blood spatter. The photographs Hernandez did not object to include distant views of the victims sitting in chairs holding bloody rags and pictures showing the location spent shells were found.

During a hearing outside the presence of the jury, Hernandez objected that the photographs were "not relevant to this phase,"[2] and objected they were unfairly prejudicial under rule 403. The State responded that the photographs were relevant because they depicted the crime scene and "of course they are more prejudicial and probative because they tend to show

---

[2] On appeal, Hernandez asserts this objection placed the trial court on notice that the evidence constituted "victim impact evidence" and was inadmissible for this reason as well. We disagree. The general relevance objection was not sufficient to put the trial court on notice as to the specific ground of "victim impact evidence," nor was the ground apparent from the context. *See* TEX. R. APP. P. 33.1. Furthermore, "victim impact evidence" is "evidence of the effect on an offense on people *other* than the victim. *Roberts v. State*, 220 S.W.3d 521, 531 (Tex. Crim. App. 2007). The photographs in question did not constitute "victim impact evidence."

the actions of his client."  When pressed by the trial court, the State explained that the photographs show the location of the victims at the time they were shot, the results of the shooting, and that the victims suffered serious bodily injury.  At Hernandez's request, the trial court made the following finding:

> The Court finds they [the pictures] do show - - do tend to show serious bodily injury.  And the Court also finds that the photographs tend to corroborate the testimony of the first witness Abel Gonzalez, III as to the location of the occurrence and also as to the position of the victim in this case when the events that he testified to occurred, and also tend to corroborate the testimony of the witness Abel Gonzalez, III as to the missing teeth of the - - of America Gonzalez (sic), also tends to corroborate the testimony of Abel Gonzalez, III as to the attempt at staunching the blood flow of Abel Gonzalez, Jr.

We review the trial court's decision to admit photographs for abuse of discretion.  *Prible v. State*, 175 S.W.3d 724, 734 (Tex. Crim. App.), *cert. denied*, 546 U.S. 962 (2005).  A trial court does not abuse its discretion if its decision lies within the zone of reasonable disagreement.  *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)(on rehearing).  "Generally, a photograph is admissible if verbal testimony as to matters depicted in the photographs is also admissible.  In other words, if verbal testimony is relevant, photographs of the same are also relevant.  Testimony, and thus photographs, of the crime scene aid the jury in determining many things including the manner and means of the death of the victim, the force used, and sometimes even the identity of the perpetrator."  *Williams v. State*, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997)(citations omitted).  In determining whether the probative value of photographs is substantially outweighed by the danger of unfair prejudice, the court may consider a variety of factors, including: "the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or black-and-white, whether they are close-up, whether the body depicted is clothed or naked, the availability of other means of proof, and other circumstances unique to the individual case."  *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009),

*cert. denied*, 130 S. Ct. 3411 (2010). Even autopsy photographs are generally admissible unless they depict mutilation of the victim caused by the autopsy. *Id.*

We cannot conclude the trial court abused its discretion in admitting the photographs. Their admission came after Abel Gonzalez III had testified as to the location of the victims when Hernandez began shooting. Gonzalez testified he ran into the residence to retrieve a weapon and when he came back out, he saw "a lot of blood" and "blood everywhere." He testified he could not recognize his sister (America) because her face was deformed and brain matter was "sticking out the top of her skull," and that he saw his father was missing teeth. As found by the trial court, the photographs tended to corroborate Gonzalez's testimony about the location of the victims, they showed the injuries Hernandez inflicted on the victims, and they helped the jury to determine whether serious bodily injury resulted from the shooting. It was not outside the zone of reasonable disagreement for the court to conclude the photographs were relevant. It was also not outside the zone of reasonable disagreement for the court to conclude that the probative value of the photographs was not substantially outweighed by their prejudicial value. The number of photographs is not excessive, and although the photographs are in color and show blood and injuries, they are not overly gruesome. The photographs in the record are approximately 3" x 5", and there is nothing indicating the size was reduced when the reporter's record was prepared. Only State's Exhibits 10 and 11 (depicting Gonzalez receiving medical treatment) appear to be duplicative, but it was not outside the zone of reasonable disagreement for the court to have concluded both photographs helped the jury to understand the injuries inflicted upon Gonzalez, thus making the probative value outweigh any prejudicial effect.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

Do not publish

- 4 -